## DECEMBER TERM, 1843.

### CANNON v. KINNEY, *et al.*

C., being the administrator of a deceased mortgagor, was garnisheed by B., a creditor of the mortgagee, and answered, admitting the debt ; and judgment was rendered against him ; C. afterwards found that the mortgagee had previously transferred the mortgage notes to G., who insisted on their payment to him ; C. filed his bill, making them all parties, and requiring them to interplead, and settle their conflicting rights to the mortgage debt, and praying an injunction against the judgment of B. ; *held*, the case presented by the bill was a proper one of interpleader, and that the judgment of B. should be enjoined, until it was ascertained whether the transfer of the notes was before or after the judgment, and if before, that the judgment of B. should be perpetually enjoined.

Pending a bill, filed by an administrator, to ascertain to whom notes secured by a mortgage, made by his intestate, should be paid, the estate of the mortgagor was declared insolvent, which fact was made the matter of a supplemental bill by the administrator ; *held*, that the insolvency of the estate did not suspend the action of the Court, in granting a decree in the case, or the right of the successful litigant to a sale of the mortgaged premises, to pay his debt.

In this case an injunction had been granted, staying an execution at law in favor of the Agricultural Bank against the complainant. The bank moved to dissolve the injunction, and the cause was submitted upon that motion, and also, if the case was considered in readiness for it, for a final decree.

CHANCELLOR. The complainant, as the administrator of a deceased mortgagor, was garnisheed by the Agricultural Bank as a creditor of the mortgagee. Upon that process, the complainant answered, admitting the indebtedness by his intestate, and thereupon a judgment was rendered in favor of the bank against him, as administrator. He now alleges, that the notes, which constituted the evidence of such indebtedness on the part of his intestate, had been transferred by the mortgagee to third persons, at the time of the suing out of the garnishment, and that he did not then know that fact. That the bank is attempting to enforce the judgment, and the holders of the notes threatening to enforce the mortgage. The bill makes them all parties defendant, and prays, that both

claimants may be enjoined from further proceeding, until they interplead and settle their conflicting claims. The case of *Oldham v. Ledbetter* (1 Howard, 49) decides the question as to the propriety of the interpleader. The defendants, Gale and others, as the holders of the notes which the mortgage was made to secure, insist upon their right to the money therein called for, in opposition to the bank, and for a foreclosure of the mortgage. The complainant afterwards filed a supplemental bill, suggesting the insolvency of the estate. The first point to which my attention is asked by the counsel is, whether the bill can be sustained at all after the suggestion of the insolvency of the estate by the supplemental bill. I perceive nothing in the nature of the case, or in the legislation of the State, to prevent the case from progressing on the original bill, because, whichever of the claimants succeeds, will be entitled to call for the exclusive application of the proceeds of the mortgage property by virtue of their right, derived through the mortgagee, and will not be forced to a *pro rata* dividend, with the general creditors of the estate of the deceased mortgagor. The mortgage property, except so far as it may exceed the payment of the mortgage-money, will not come into the fund for distribution among the general creditors. I have no doubt then, that the bill was properly filed, and that the defendants are properly required to interplead. The only question between them, is the point of time at which the transfer of the notes was made. If this is agreed on by counsel, I am prepared to direct a final decree in the case, otherwise, it must stand over for proof. If Kinney's answer is admitted as evidence, the question is settled. It is clear, that his deposition would be admissible, but his answer can only be admitted by agreement. If agreed to, there must be a decree of foreclosure, and sale of the mortgaged premises, with directions to apply the proceeds, first to the payment of the notes held by the defendants, Gale and Reed, and if there be any surplus, that it be paid to the Agricultural Bank, and the bank will be perpetually enjoined from enforcing the judgment, as to any balance not satisfied by such surplus.